Filed 1/4/23  P. v. Mixon CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LAURENCE CAURELIOLA MIXON,<br><br>    Defendant and Appellant. | D080985<br><br><br>(Super. Ct. No. FVI1600254) |

APPEAL from an order of the Superior Court of San Bernardino County, Debra Harris, Judge.  Affirmed.

Laurence C. Mixon, in pro. per.; and Mi Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2017, a jury convicted Laurence Caureliola Mixon of first degree murder (Pen. Code,[1] § 187, subd. (a)) and found true an allegation that Mixon personally used a knife during the commission of the offense (§ 12022,

---

[1]    All further statutory references are to the Penal Code.

subd. (b)(1)).  Mixon admitted a prior strike (§ 667, subds. (b)-(i)) and a serious felony prior (§ 667, subd. (a)(1)).

The court sentenced Mixon to an indeterminate term of 58 years to life in prison.  Mixon appealed and this court affirmed the conviction and remanded for resentencing.  (*People v. Mixon* (May 15, 2019, D074572).)

In January and March 2022, Mixon filed petitions for resentencing under section 1172.6.

The court appointed counsel, reviewed the record of conviction, and held a hearing.  The court found the record showed Mixon was the actual killer of the victim.  The court determined Mixon had not presented a prima facie case for resentencing under section 1172.6.  Accordingly, the court denied the petition.

Mixon filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to review the record for error as mandated by *Wende*.  We offered Mixon the opportunity to file his own brief on appeal.  Mixon has responded with a supplemental brief, which we will discuss below.

We will not include a statement of the facts of the offense in this opinion.  The facts are well discussed in our prior opinion.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error.  To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in

2

evaluating the potential merits of this appeal: Whether the court abused its discretion in denying the petition without issuing an order to show cause.

In his supplemental brief, Mixon discusses his version of the evidence at trial. He does not seriously challenge the finding he was the actual perpetrator of the murder. Rather, he points out his petition alleged he was convicted on a theory of felony murder and natural and probable consequences. He believes the court was required to accept his allegations as true and thus, could not deny his petition without an order to show cause and an evidentiary hearing. He argues the fact he was the actual killer should not make him ineligible for resentencing. In light of the record of conviction, which demonstrates his allegations are not true, we find Mixon's supplemental brief does not raise any arguable issues for reversal on appeal.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Mixon on this appeal.

## DISPOSITION

The order denying Mixon's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


DATO, J.

3